received a sentence for new charges, would grant such a recidivist criminal an unwarranted windfall.[3,4]

Thus, as Appellant failed to post bail on his new charges, I believe that the Board properly refused to credit his pre-trial confinement time to his original sentence based on the rule established by this Court in *Gaito.*

840 A.2d 987

John BALDWIN, Appellant,

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE, Appellee.

Supreme Court of Pennsylvania.

Nov. 10, 2003.

**3.** The rule created by the majority only grants new relief to those parolees who have been convicted of and received a sentence for the new charges because, as noted *supra* in footnote 1, this Court already held in *Gaito* that where a parolee was not convicted on the new charges or did not receive a sentence, his pre-trial confinement may be credited to his original sentence. *See* 412 A.2d at 571 n. 6.

**4.** The majority also finds that the exception created in *Gaito's* footnote six, *see supra* n. 1, should be extended to permit a parolee, who did not meet bail on his new charges, to credit his pre-trial confinement to his original sentence not only when he was not convicted of the new charges or received no new sentence, but also whenever he did not receive a new sentence *of incarceration.* Here, however, Appellant received a sentence of forty-eight hours of incarceration on his new charges. Thus, to the extent that *Gaito* did not resolve the issue of whether a parolee may credit his pre-trial confinement to his original sentence when he did not receive a new sentence of incarceration, that issue is not properly before this Court in the instant case.

## *ORDER*

PER CURIAM.

**AND NOW,** this 10th day of November, 2003, the above appeal is quashed as untimely pursuant to 42 Pa.C.S. § 5571 and Pa.R.A.P. 105(b).

840 A.2d 987

**COMMONWEALTH of Pennsylvania, Respondent,**

**v.**

**Marcus ELLISON, Petitioner.**

Supreme Court of Pennsylvania.

Nov. 14, 2003.

## *ORDER*

PER CURIAM.

**AND NOW,** this 14th day of November 2003, we **GRANT** this Petition for Allowance of Appeal, **VACATE** the Order of the Superior Court, and **REMAND** for reconsideration in light of our decision in *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003).